# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
DONNA SPINA,

    Plaintiff,

- against -

WHOLE FOODS MARKET GROUP, INC.,

    Defendant.
-----------------------------------------------------------------X

Index No.
Date of Filing:

**SUMMONS**

The plaintiff designates
Westchester County as the
place of trial
The basis of venue is:
Location of accident

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       October 23, 2021

Yours, etc.

LAW OFFICES OF SCOTT R. HOUSENBOLD

By:_____
SCOTT R. HOUSENBOLD
Attorneys for Plaintiff
27 Union Square West, Suite 307
New York, NY 10003
(212) 354-5048

Defendant's addresses:

WHOLE FOODS MARKET GROUP, INC.
c/o C T Corporation
28 Liberty Street
New York, NY 10005
(via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
DONNA SPINA,

        Plaintiff,

  - against -

WHOLE FOODS MARKET GROUP, INC.,

        Defendant.
-----------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

Plaintiff, by attorney, LAW OFFICES OF SCOTT R. HOUSENBOLD, complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That this accident occurred in the County of Westchester and State of New York.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That all times hereinafter mentioned, there existed a premises located at 480 North Bedford Avenue, in the County of Westchester and State of New York (hereinafter "premises").

4. Upon information and belief, that at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was and still is a private corporation duly organized, created and existing under and by virtue of the laws of the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was and still is a foreign corporation duly authorized to do business in the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was and still is a business entity authorized to do business in the State of New York.

7. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was the owner of the premises.

8. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was the lessor of the premises.

9. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC. was a lessee of the premises.

10. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees and/or licensees operated the premises.

11. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees and/or licensees controlled the premises.

12. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees and/or licensees maintained the premises.

13. Upon information and belief, that on March 25, 2021 and at all times hereinafter mentioned, the defendant WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees and/or licensees managed the premises.

14. That on March 25, 2021, the plaintiff was lawfully within the premises.

15. That on March 25, 2021 and while the plaintiff was lawfully within the premises, she tripped over a cardboard box and, as a result, did sustain severe and permanent injuries.

16. That the above mentioned occurrence, and the results thereof, were caused wholly and solely by the negligence of the defendants, their servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforementioned premises; in negligently, recklessly and carelessly maintaining the premises in a dangerous condition; in failing to warn the plaintiff in particular and the public in general of the aforesaid dangerous and hazardous condition; in failing to maintain the aforesaid condition although the defendants had prior notice of the said dangerous and hazardous condition sufficiently in advance of the plaintiff's accident so that defendant could and should have repaired the same; and the defendants were otherwise negligent, careless and reckless in the premises.

17. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.


18. That as a result of the foregoing, the plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, the plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, the plaintiff was, and will continue to be, rendered unable to perform her normal activities and duties and she has sustained a resultant loss therefrom.

19. That as a result of the foregoing, the plaintiff was damaged in an amount which exceeds the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

20. That the plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

21. That at all times hereinafter mentioned, it was the duty of the defendants, their servants, agents and/or employees to supervise the aforementioned premises with competent, qualified, experienced, trained, diligent and adequate persons.

22. That at all times hereinafter mentioned, it was the duty of the defendants, their servants, agents and/or employees to properly and adequately supervise and ensure that the aforementioned premises was entrusted, to persons, who were fit, suitable, properly trained and instructed.

23. That at all times hereinafter mentioned, it was the duty of the defendants, their servants, agents and/or employees to properly and adequately supervise and ensure that the aforementioned premises was not entrusted, to persons who constituted a potential menace,

hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or those unsuitable or unstable or contraindicated to safely supervise, manage, maintain and control the aforementioned premises.

24. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

25. That by reason of the aforementioned negligence of the defendants, their servants, agents and/or employees, in negligently supervising and entrusting the aforementioned premises to unqualified persons, the plaintiff sustained serious bodily injuries with accompanying pain and suffering and was rendered sick, sore, lame and disabled and said injuries are permanent; and has for some time been confined to home and has required medical aid and attention; that plaintiff was incapacitated from normal duties and school; and was otherwise injured all to the plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE,** the plaintiff demands judgment against the defendant in the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts, and in the Second Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts, together with attorney's fees and the costs and disbursements of this action.

Date: New York, New York
      October 23, 2021

      Yours, etc.

      LAW OFFICES OF SCOTT R. HOUSENBOLD

      By:_____
         SCOTT R. HOUSENBOLD
      Attorneys for Plaintiff
      27 Union Square West, Suite 307
      New York, NY 10003
      (212) 354-5048

## ATTORNEY'S VERIFICATION

SCOTT R. HOUSENBOLD, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at LAW OFFICES OF SCOTT R. HOUSENBOLD, counsel for Plaintiff. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorney for the plaintiff maintain his offices.

DATED: New York, New York
October 23, 2021

_____
**SCOTT R. HOUSENBOLD**